# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF CHIPPEWA

LAKE SUPERIOR ACADEMY,
A Domestic Nonprofit Corporation,

Plaintiff,

v.

ODESSA PARTNERS LLC,
A Foreign For-profit Corporation,

Defendant.

Case No: 25-18269CZ

Hon. James P. Lambros

RAYMOND J. O'DEA (P37527)
MICHAEL S. BURINK (P70517)
JEREMY S. PICKENS (P69646)
O'Dea, Nordeen, Burink and Pickens P.C.
Attorneys for Plaintiff
122 W. Spring Street
Marquette, MI 49855
(906) 225-1770
jpickens@mqt-law.com

RECEIVED
JUN 26 2025
50TH CIRCUIT COURT
CHIPPEWA COUNTY CLERK

VERIFIED COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

NOW COMES Plaintiff Lake Superior Academy ("Plaintiff") by and through its counsel, O'Dea, Nordeen, Burink and Pickens P.C., and for Plaintiff's Complaint against Defendant Odessa Partners LLC, ("Defendant") states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a registered Michigan nonprofit organization located at 8936 S. Mackinac Trail, Dafter Township, Chippewa County, Michigan.

2. Defendant Odessa Partners, LLC, is a foreign limited liability company purportedly located in Boca Raton, Florida.

3. Defendant owns property in Chippewa County, to wit, 8929 S. Mackinac Trail, Sault Ste. Marie, Michigan, Parcel ID# 004-114-007-50.

4. Defendant does continuous and systematic business in Chippewa County, Michigan, to wit, Defendant owns and/or operates a cryptocurrency mining farm operation located at 8929 S. Mackinac Trail, Sault Ste. Marie, Michigan, Parcel ID# 004-114-007-50.

5. The aforementioned real property and its use giving rise to this Complaint is located in Chippewa County, Michigan.

6. Plaintiff seeks relief in an amount greater than $25,000.00, exclusive of costs and reasonable attorney fees.

7. Plaintiff seeks equitable relief, invoking this Court's equitable jurisdiction pursuant to MCL 600.605 and common law.

8. Jurisdiction is also proper pursuant to MCL 600.2940, and venue is otherwise proper.

**COUNT I: NUISANCE**

9. Plaintiff incorporates Paragraphs 1-8 as if fully stated herein.

10. Since 2016, Plaintiff has owned and operated a tuition-free, public charter elementary school located at 8936 S. Mackinac Trail, Sault Ste Marie, Michigan.

11. Plaintiff's educational model incorporates Montessori education methods, and outdoor classrooms are an integral part of the educational experience.

12. Plaintiff provides education services year-round, including summer

courses, and utilizes outdoor classrooms year-round.

13. Plaintiff is a certified Green School through the Michigan Department of Environmental, Great Lakes, and Energy (EGLE), as established by Michigan's Public Act 146 of 2006, and amended by Public Act 301 of 2010.

14. In 2025, Defendant began a data processing operation next door to the Plaintiff's school, on the property (8929 S. Mackinac Trail, Sault Ste. Marie, Michigan; Parcel ID# 004-114-007-50) immediately east of Plaintiff.

15. Defendant's operation involves six containerized data centers, hosting computers running programs.

16. Defendant's operation generates constant, excessive and jarring noise essentially twenty-four (24) hours a day, seven (7) days a week, including during Plaintiff's school day.

17. From numerous locations on the Plaintiff's property, including classrooms, Plaintiff has routinely measured and recorded the noise generated by Defendant's operations, and the noise emitting from Defendant's property exceeds 50 decibels nearly the entire school day, and beyond, and has even exceeded 70 decibels.

18. Defendant's intentional, reckless, wrongful and negligent use of its property significantly obstructs Plaintiff's use and enjoyment of its own property, including, but not limited to, its use as an elementary school because the noise created obstructs the educational process, disrupts outdoor classrooms, and distracts, annoys and harasses students, educators, staff, and visitors.

19. Defendant's wrongful use of its property also diminishes Plaintiff's property value.

20. Defendant's wrongful use of its property in violation of a common law duty of care not to use their property in such as way at injure another has directly and has proximately caused Plaintiff substantial damage, including impeding Plaintiff's ability to educate students, loss of enjoyment of Plaintiff's property, creating difficulty in carrying on normal activities, and resulting in parents questioning whether to continue to send their children to the school.

**WHEREFORE**, Plaintiff requests that this Court grant judgment in its favor as follows:

I. Award Plaintiff all damages to which it is entitled;

II. Grant preliminary injunctive relief ordering Defendant to cease and desist in its activities pending the resolution of this suit;

III. Order Defendant to abate the nuisance; and

IV. Order all other legal or equitable relief to which Plaintiff may be entitled under the circumstances, including, but not limited to, costs, interest, and attorney fees.

**COUNT II: INJUNCTIVE RELIEF**

21. Plaintiff restates and incorporates paragraphs 1-20 as if fully stated herein.

22. Plaintiff has a likelihood of success on the merits of its nuisance claim because Defendant's unreasonable use of its property significantly and unlawfully infringes upon Plaintiff's use and enjoyment of its own property and, through no fault of its own, materially obstructs Plaintiff's school operations and the learning environment.

23. Plaintiff will likely suffer irreparable harm and loss if Defendant is permitted to continue its operations and maintain the nuisance because it cannot successfully

operate year-round elementary school instruction and utilize outdoor classrooms in the face of such constant and jarring noise and distraction.

24. Plaintiff will likely suffer irreparable harm and loss if Defendant is permitted to continue its operations and maintain the nuisance because parents of students have considered alternative enrollment options and expressed deep concern for their children's well-being due to the defendant's location.

25. Plaintiff is uniquely susceptible to irreparable harm and loss if Defendant is permitted to continue its operations and maintain the nuisance because Plaintiff's unique school model and EGLE Green School accreditation.

26. Plaintiff has no other adequate remedy at law, and time is of the essence.

27. Plaintiff will suffer greater injury from the denial of preliminary injunctive relief than Defendant will suffer from the granting of such relief.

27. The granting of this preliminary injunction will further the public interest, as the community is best served when users of their property do not use their property in such a way as to infringe on the peaceful use and enjoyment of neighboring properties.

28. Granting the preliminary injunction would also further the public interest by allowing Plaintiff to continue its core mission of offering tuition-free, public, and year-round school to children of Chippewa County and the surrounding areas.

**WHEREFORE**, Plaintiff requests that this Court grant judgment in its favor as follows:

I. Award Plaintiff all damages to which it is entitled;

II. Grant preliminary injunctive relief ordering Defendant to cease and desist in its activities pending the resolution of this suit;

III. Order Defendant to abate the nuisance; and

IV. Order all other legal or equitable relief to which Plaintiff may be entitled under the circumstances, including, but not limited to, costs, interest, and attorney fees.

## VERIFICATION

I have reviewed the above Complaint and the facts and circumstances alleged in the above Complaint are true and accurate to the best of my knowledge, information and belief.

Susie Schlehuber, on behalf of Plaintiff

Subscribed and sworn to before me on June 26, 2025.

Amy S. Preville, Notary Public
Chippewa County, State of Michigan
My Commission Expires: 3/22/2030

AMY S PREVILLE
Notary Public - State of Michigan
County of Chippewa
My Commission Expires Mar 22, 2030
Acting in the County of Chippewa

Dated: June 25, 2025

Respectfully submitted,

O'DEA, NORDEEN, BURINK
AND PICKENS P.C.

Raymond J. O'Dea (P37527)
Michael S. Burink (P70517)
Jeremy S. Pickens (P69646)
Attorneys for Plaintiff
122 W. Spring Street
Marquette, MI 49855
(906) 225-1770

**JURY DEMAND**

Plaintiff Lake Superior Academy, by and through its undersigned counsel, hereby demands a jury as to all triable issues as to the above Verified Complaint.

Respectfully submitted,

O'DEA, NORDEEN, BURINK AND PICKENS P.C.

Dated: June 26, 2025

Raymond J. O'Dea (P37527)
Michael S. Burink (P70517)
Jeremy S. Pickens (P69646)
Attorneys for Plaintiff
122 W. Spring Street
Marquette, MI 49855
(906) 225-1770