UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LAKE SUPERIOR ACADEMY,           )<br>                    Plaintiff,           )<br>                                              )<br>-v-                                          )<br>                                              )<br>ODESSA PARTNERS LLC,              )<br>                    Defendant.          )<br>_____)  | No. 2:25-cv-160<br><br>Honorable Paul L. Maloney |

## ORDER REMANDING ACTION

Plaintiff Lake Superior Academy sued Defendant Odessa Partners, LLC in the 50th Circuit Court located in Chippewa County, Michigan. Defendant removed the lawsuit to federal court asserting diversity jurisdiction and arguing that the amount in controversy exceeds $75,000. The court issued a show-cause order directing Defendant to establish the required amount in controversy. Having reviewed the briefs, the court concludes Defendant has not met its burden and will remand the matter to the state court.

A.

Plaintiff operates a Montessori school and students frequently spend up to two hours outside as part of the educational experience. Defendant runs a data processing business of sorts across the street from Plaintiff. Plaintiff contends the six shipping-container sized structures house computers which operate 24 hours a day, seven days a week. The noise from the operation exceeds 50 decibels. Plaintiff sought and the state court granted a temporary restraining order. Defendant removed this lawsuit.

B.

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006). When a party removes a lawsuit from state court, federal courts have an obligation to examine whether subject-matter jurisdiction exists. *E.g.*, *Nowicki-Hockey v. Bank of America, N.A.*, 593 F.App'x 420, 421 (6th Cir. 2014). Our Supreme Court noted more than 225 years ago that "the fair presumption is ... that a cause is without jurisdiction until the contrary appears." *Turner v. Bank of North America*, 4 U.S. 8, 11 1799). That presumption remains true today. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Turner*). Courts must strictly construe the removal statutes and "all doubts as to the propriety of removal are resolved in favor of remand." *Nessel ex rel. Michigan v. AmeriiGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (cleaned up; citation omitted).

A defendant may remove a civil action filed in state court to a federal district court when the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. Because Defendant brought this lawsuit to federal court, it bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. *US Framing Int'l LLC v. Cont'l Building Co.*, 134 F.4th 423, 429 (6th Cir. 2025). When the complaint does

not plead a specific amount in controversy, the defendant removing the lawsuit may rely on a "fair reading" of the complaint for the amount. *Id.*

The defendant removing a lawsuit to federal court "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). When the court questions the amount in controversy, the defendant must provide some evidence to support its allegation that the lawsuit involves an amount in controversy meeting the jurisdictional threshold. *Id.* at 89. The defendant must meet its burden by a preponderance of the evidence. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

C.

In its response to the show-cause order, Defendant argues that the complaint seeks to recover in excess of $500,000 which would meet the amount in controversy requirement. Defendant offers two calculations. First, Defendant contends the complaint pleads that without the requested relief, the school would not continue to operate. Relying on property records, Defendant argues the value of the land where the school sits exceeds $160,000. Defendant notes that Plaintiff's operating budget for the 2023-2024 school year exceeded $1 million. Second, Defendant argues that in its motion for a temporary restraining order, Plaintiff represented that the noise generated by Defendant caused Plaintiff to cancel the construction of two additional classrooms where an additional 40 students could have been accommodated. Because Plaintiff receives at least $10,000 in funding for each student, the noise caused another $400,000 in damages. Defendant also argues that the value of the

injunction Plaintiff seeks, the object of the litigation, exceeds $75,000. Defendant reasons that the injunction has cost it more than $100,000.

Defendant has not persuaded the court that Plaintiff seeks to recover more than $75,000. In the complaint, Plaintiff states that it "seeks relief in an amount greater than $25,000" (ECF No. 1-2 Compl. ¶ 6 PageID.9). Plaintiff pleads a single claim for nuisance. A fair reading of the complaint does not support Defendant's descriptions of the sort of damages Plaintiff might try to claim for a nuisance. The allegations in the complaint do not support Defendant's assertion that the noise level reduces the value of Plaintiff's land by more than $75,000 such that Plaintiff could seek such an amount as damages. Plaintiff does allege that the noise level diminishes the value of the property (Compl. ¶ 19 PageID.10). Plaintiff also alleges that the noise level interferes with the use of the property "as an elementary school" (*id.* ¶ 18 PageID.10). A fair reading of the complaint establishes that the noise level diminishes the value of the *current* use of the property. Even if the value of the land itself is diminished, Defendant's evidence does not provide sufficient proof to show the reduction in value exceeds $75,000.

Plaintiff's decision to cancel the construction of two classrooms likely does not suffice to establish the required amount in controversy. The complaint does not include any allegations about the noise level interfering with plans for future construction. Plaintiff likely could not seek damages based on lost future funding for potential (unknown) students. Any such request would be based on speculation. And, the funding level identified by Defendant would not represent lost profits per student as each additional student would also result in increased costs.

4

Defendant cannot establish the amount in controversy by pointing to its losses by complying with the injunction. In this circuit, courts determine the value of injunctive relief from the perspective of the plaintiff, not the defendant. *See Siding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 372 (6th Cir. 2014) (acknowledging a circuit split on the issue and declining to wade into the "jurisdictional morass"); *Symetra Life Ins. Co. v. Admin. Sys. Research Corp., Int'l*, No. 21-2742, 2022 WL 16730542, at *3 (6th Cir. Nov. 7, 2022) (same).

Finally, the court notes that Plaintiff has attempted to resolve this matter without coercing any payment from Defendant (ECF No. 13-3). Plaintiff offered to lift all restrictions in the restraining order if Defendant would agree to operate only during non-school hours. Plaintiff further offered to settle the case if Defendant would agree to construct, within a year, permanent enclosures that would reduce the noise level below 50 decibels. This offer supports Plaintiff's assertion that it did "not contemplate seeking damages in excess of $75,000" (ECF No. 13 PageID.327) when it drafted the complaint and filed the lawsuit.

The filings by both parties indicate the pressing nature of the dispute and the need for quick resolution. Plaintiff sought and obtained a temporary restraining order. Defendant removed the action and immediately sought repeal of the injunction and filed a motion for a bond. In the past few days, the temporary restraining order expired, Defendant has restarted its operation, and Plaintiff has renewed its request for a restraining order. Viewed in this context, the court declines Defendant's request for limited jurisdictional discovery. Defendant has not met its burden for removal. All doubts must be resolved in favor of remand.

Accordingly, the court lack jurisdiction over this dispute and **REMANDS** the action to the Chippewa County Circuit Court. **IT IS SO ORDERED.**

Date:   July 21, 2025                                              /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                   United States District Judge